KIAN TAI *et al. vs.* YUNG AH IN *et als.*

APPEAL FROM DECREE OF McCULLY, V.C.

JANUARY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Plaintiffs, some of the partners in a firm of rice planters, brought suit against the defendant Yung Ah In and other partners for a dissolution of the partnership, and an account against Yung Ah In, alleging that he had improperly appropriated moneys of the partnership. An account was directed, and the Master's report was accepted by both parties and confirmed by the Vice-Chancellor, who being of opinion that the plaintiffs had not made such a case as would entitle them to a dissolution, denied that portion of the relief asked for.

The plaintiffs having appealed, it was held that the decree appealed from should be upheld and the appeal dismissed.

ᐧOPINION OF THE COURT, BY PRESTON, J.

This was a suit brought by the plaintiffs, some of the partners in a company carrying on the business of rice planters under the firm name of the Sun Wo Sung Company, against Yung Ah In, the manager (also a partner), and other partners of the company, praying for a dissolution of the partnership and an account against the defendant Yung Ah In.

The bill charged (*inter alia*) that the defendant Yung Ah In, as manager, had received about $9000 of the money of the partnership which he was instructed and agreed to apply to the payment of a debt to W. R. Castle of about $7500 secured by mortgage, but which said Yung Ah In had failed so to apply, but had converted the same to his own use, and refused to account therefor to the plaintiffs; also that he had converted to his own use other moneys of the partnership, the amounts whereof the plaintiffs were unable to state.

At the hearing the Vice-Chancellor ordered an account to be taken between the parties, and the Master's report thereon was accepted by both parties and confirmed by the Court.

The Vice-Chancellor considered that the plaintiffs had not made such a case against the defendant Yung Ah In as would entitle them to have the partnership dissolved; decreed that "the prayer in the complainant's bill, that the partnership existing between the parties to this suit be dissolved, shall be and the same is hereby denied."

To this part of the decree the plaintiffs appealed.

On the argument it was urged on the part of the plaintiffs that "the Court will dissolve a partnership if the misconduct is of such a nature as utterly to destroy the mutual confidence which must subsist between the partners." Lindley on Partnership, p. 227.

"Willful acts of fraud and bad faith are sufficient grounds for dissolution." Collyer on Partnership, Section 291.

"All that is necessary is to satisfy the Court that it is impossible for the partners to place that confidence in each other which each had a right to expect, and that such impossibility had not been caused by the person seeking to take advantage of it." Lindley, p. 228.

Other authorities to the same effect were cited.

BY THE COURT.

We have considered the evidence and proofs in this case, and also the arguments of counsel.

We do not dispute the authorities cited, but we do not think the plaintiffs have shown such conduct on the part of the defendant Yung Ah In as brings this case within them.

Many of the partners are ignorant men and unable to read, and it may be difficult for them to understand the mode in which it is necessary to conduct the business.

The accounts have been adjusted; the moneys in the hands of the plaintiffs and Yung Ah In have been accounted for, the debts paid, and the balance distributed, and the business may now be carried on in a satisfactory manner.

We think that the misunderstanding between the plaintiffs and Yung Ah In has not been caused by any fraud or willful

misconduct on the part of the latter, but has arisen principally from the confused manner in which the accounts were kept.

We do not think it would be for the advantage of any of the parties that the business should be wound up, and therefore agree with the Vice-Chancellor, and hold that the decree appealed from should be upheld.

The appeal is dismissed with costs.

*Hartwell* and *Neumann*, for plaintiffs.

*W. O. Smith* and *Castle*, for defendants.